UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x

DARYL JACKSON,

                    Plaintiff,                    OPINION

        -against-                    96 Civ. 6171 (MGC)

SGT. GREGORY KERNS, et. al.,

                    Defendants.
--------------------------------X

CEDARBAUM, J.

        ON JULY 24, 2001, plaintiff's Section 1983 complaint in
this action was dismissed following a jury verdict for the
defendants.  Plaintiff now requests that his case be
reopened.  For the reasons that follow, the motion is
denied.

                          BACKGROUND

        In 1996, plaintiff Daryl Jackson filed a Section 1983
claim arising out of an alleged assault at Downstate
Correctional Facility by Sgt. Gregory Kerns, C.O. Sassi, and
C.O. William Geslain.  Judgment was entered for the
defendants, and the complaint was dismissed on July 24,
2001.  By letters dated July 21, July 27 and September 8,
2004, plaintiff requests that his Section 1983 case be
reopened because defendant Sassi committed perjury in his
testimony at trial.

1

Plaintiff alleges that defendant Sassi did not actually testify at trial, but that an imposter posing as defendant Sassi took the witness stand in his place and falsely identified himself as defendant Sassi. Plaintiff asserts that he became aware of this misconduct when he returned to prison after trial and realized that the officer he recognized as defendant Sassi did not resemble the man who testified as defendant Sassi at trial.

## DISCUSSION

Plaintiff's first request to reopen this case was submitted almost three years after the entry of judgment. At that time, the ten-day period during which plaintiff could have made a motion for a new trial under Fed. R. Civ. P. 59(b) had long since expired. Therefore, plaintiff's request must be construed as a motion for relief from final judgment under Fed. R. Civ. P. 60. Rule 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the

2

judgment has been satisfied, released, or
discharged, or a prior judgment upon which it is
based has been reversed or otherwise vacated, or
it is no longer equitable that the judgment should
have prospective application; or (6) any other
reason justifying relief from the operation of the
judgment.  The motion shall be made within a
reasonable time, and for reasons (1), (2), and (3)
not more than one year after the judgment, order,
or proceeding was entered or taken.

The present claim is properly considered as a claim for
fraud upon an adverse party under Fed. R. Civ. P. 60(b)(3),
rather than as a claim for "any other reason justifying
relief" under the general residual provision of Rule
60(b)(6). United States v. Int'l Bhd. of Teamsters, 247 F.3d
370, 391-92 (2d Cir. 2001)(holding that if the reasons
offered for relief from judgment can be considered under one
of the more specific clauses of Rule 60(b), i.e., 60(b)(1)-
(5), such reasons will not justify relief under Rule
60(b)(6)). However, a motion based on fraud upon an adverse
party under Rule 60(b)(3) must be made within one year of
entry of judgment.  Fed. R. Civ. P. 60(b).  Plaintiff's
60(b)(3) motion, filed almost three years after the entry of
judgment in this case, is therefore untimely.

Plaintiff's request may also be considered as an
independent action for relief from judgment under the clause
in Rule 60(b) that permits a motion for relief from judgment
based upon a "fraud upon the court" to be made at any time.

3

Fed. R. Civ. P. 60(b)("This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court."); Wolfson v. Wolfson, No. 03 Civ. 0954(RCC), 2004 WL 224508, at *5 (S.D.N.Y. Feb. 5, 2004) ("Unlike post-judgment *motions* for 60(b) legal relief, which must be brought within one year after judgment is entered, an *independent action* in equity may be brought at any time."). To maintain an independent action for equitable relief from judgment, plaintiff must (1) show that he has no other available or adequate remedy; (2) demonstrate that plaintiff's own fault, neglect, or carelessness did not create the situation for which he seeks equitable relief; and (3) establish a recognized ground-- such as fraud, accident, or mistake--for the equitable relief. Campaniello Imports, Ltd. v. Saporiti Italia S.p.A., 117 F.3d 655, 662 (2d Cir. 1997).

Plaintiff's claim fails because he cannot demonstrate that his own fault did not create the situation for which he now seeks equitable relief. Plaintiff was aware of the alleged fraud prior to the expiration of the one-year period in which plaintiff could have filed a Rule 60(b)(3) motion.

Plaintiff therefore had an adequate remedy at law, under

Rule 60(b)(3), which he failed to pursue within one year of

judgment.  Campaniello Imports, Ltd., 117 F.3d at

662 (holding that plaintiffs were barred from pursuing an

independent action for relief because they could not show

that their own carelessness in failing to bring a timely

motion for relief under Rule 60(b)(3) did not create the

situation for which they sought equitable relief); Wolfson,

2004 WL 224508, at *5 (holding that plaintiff was barred

from pursuing an independent action for relief from fraud

when plaintiff had "ample time to submit a Rule 60(b)(3)

motion" on his claim prior to the one-year deadline).

Plaintiff's failure to pursue his remedy at law under Fed.

R. Civ. P. 60(b)(3) now bars him from asserting an

independent claim for equitable relief.

CONCLUSION

    For the foregoing reasons, defendant's motion is

denied.


SO ORDERED.

Dated:    New York, New York
          November 18, 2005

                              S/_____
                                MIRIAM GOLDMAN CEDARBAUM
                                United States District Judge